IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY T. MOORE, Jr., #446508, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-01386-JPG |
| | ) |
| KEEFE SUPPLY COMPANY, | ) |
| RICHARD WATSON, | ) |
| AUSTIN EVERETT, and | ) |
| ST. CLAIR COUNTY, ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Anthony Moore, Jr., who is a pretrial detainee at St. Clair County Jail, filed this action to challenge the cost of items at the Jail's commissary pursuant to 42 U.S.C. § 1983, 15 U.S.C. § 13(a) ("Clayton Act"), 15 U.S.C. § 1 ("Sherman Antitrust Act"), 15 U.S.C. § 15 ("Robinson-Putnam Act"), 18 U.S.C. § 1964 ("RICO"), and Illinois state law. (Doc. 1, pp. 1, 5). He seeks declaratory judgment, monetary damages, and injunctive relief. (Doc. 1, p. 12). The Complaint did not survive screening under 28 U.S.C. § 1915A and was dismissed without prejudice on May 8, 2018. (Doc. 7). However, Plaintiff was granted leave to file a First Amended Complaint on or before June 5, 2018. *Id.* He was warned that the action would be dismissed with prejudice, if he failed to file it by that deadline. (Doc. 7, p. 9) (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994)). Plaintiff was also warned that he would receive a "strike" pursuant to 28 U.S.C. § 1915(g). *Id.*

The deadline for filing the First Amended Complaint expired more than two weeks ago. (Doc. 7). Plaintiff did not file a First Amended Complaint. He also failed to request an extension of the deadline for doing so.

The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice based on Plaintiff's failure to comply with an Order of this Court (Doc. 7, p. 9) and failure to prosecute his claims. *See* FED. R. CIV. P. 41(b). The dismissal will count as one of Plaintiff's three allotted "strikes" within the meaning of § 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with this Court's Order to file a First Amended Complaint on or before June 5, 2018. (Doc. 7, p. 9). *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The dismissal counts as one of his three allotted "strikes" within the meaning of § 1915(g).

Further, because two of Plaintiff's previously-filed lawsuits[1] have also been dismissed pursuant to § 1915A for failure to state a claim upon which relief may be granted, the dismissal of this case gives Plaintiff his third "strike." Accordingly, if Plaintiff seeks to file any future civil action *while he is a prisoner*, he will no longer be eligible to pay a filing fee in installments using the *in forma pauperis* provisions of § 1915(a) and (b), unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If Plaintiff cannot make the necessary showing of imminent physical danger, he shall be required to pre-pay the full filing fee for any future lawsuit he may file while incarcerated, or face dismissal of the suit. Because Plaintiff's obligation to pay the filing fee for this action was incurred at the time the

---

[1] *Moore v. Scott, et al.*, No. 17-cv-1153 (S.D. Ill. dismissed for failure to state a claim on April 18, 2018); *Moore v. Securus Technologies, Inc., et al.*, No. 17-cv-1285 (S.D. Ill. dismissed for failure to state a claim on April 18, 2018).

action was filed, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 20, 2018**

s/ J. PHIL GILBERT  
**District Judge**  
**United States District Court**